# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

_____

**CUSTOM BUILT HOMES BY
ED HARRIS, A DIVISION OF
PROFESSIONAL AUTOMOTIVE,
INC.,**

      Plaintiff-Appellee,

Vs.

**JOHN MCNAMARA and MARY
MCNAMARA,**

      Defendants-Counter-Plaintiffs,
      Third-Party Plaintiffs-Appellants,

**EDWARD E. HARRIS and PROFESSIONAL
AUTOMOBILE, INC.,**

      Third-party Defendants-Appellees.

**FILED**

**January 10, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

Williamson Chancery No. 23838
C.A. No. M1998-00042-COA-R3-CV

_____

## FROM THE WILLIAMSON COUNTY CHANCERY COURT
### THE HONORABLE HENRY DENMARK BELL, CHANCELLOR

Robert H. Plummer, Jr. of Franklin
For Appellees

Ernest W. Williams and Dana C. McLendon III of Franklin
For Appellants

### *AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This appeal involves the breach of a residential construction contract, and particularly the applicability of arbitration for resolution of disputes. Defendants and counter-plaintiffs, John McNamara and Mary McNamara, appeal the trial court's order denying their motion to confirm an arbitrator's award.

The pleadings are somewhat perplexing as initially evidenced by the unusual designation of the plaintiff - Custom Built Homes by Ed Harris, a division of Professional Automotive, Inc. The complaint alleges that plaintiff and defendants, the McNamaras, entered into a contract for plaintiff to construct their residence. Plaintiff avers that the defendants have breached the contract and seeks the balance due thereon for plaintiff's performance. Plaintiff seeks an attachment of the property and sale pursuant to a mechanic's lien.

Defendants' answer admits the contract with plaintiff, denies the material allegations of the complaint and avers that plaintiff breached the contract and is indebted to them. Defendants also raise as a defense that the contract calls for arbitration for resolution of any disputes between the parties.

By counter-complaint, defendants seek recovery of damages from plaintiff for various breaches of the contract. In addition thereto, defendants' pleading includes a "third-party complaint" against the plaintiff wherein the defendants again seek damages from plaintiff for alleged breach of the construction contract.

Defendants' third party complaint pleading is somewhat puzzling to the Court. It would appear that defendants' claim against the plaintiff is a compulsory counter-claim pursuant to Tenn.R.Civ.P. 13.01, as it does arise out of the same transaction or occurrence that is the subject matter of the plaintiff's claim. Third party practice is covered by Tenn.R.Civ.P. 14, and it provides that a defendant, as a third party plaintiff, may cause a summons and complaint to be served upon a person "not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him." The so-called "third party complaint" in the instant case does not come within Rule 14. Therefore, we will consider the case as a complaint from plaintiff and an answer and counter-complaint by defendants.

Over a year after the lawsuit was filed, defendants filed a "Motion To Dismiss

2

Complaint And For Order Of Reference To Professional Arbitrator Or, In The Alternative, For An Order Of Reference To Arbitration Pursuant To Rule 31." Plaintiff filed a response to the motion in which it is averred that there is no binding agreement for arbitration, because the paragraph referring to arbitration was not individually initialed or signed by the parties. Such additional signing is required when the agreement involves a residence, pursuant to T.C.A. § 29-5-302. Plaintiff requests the Court to deny the alternative relief sought by defendants and proceed with the trial of the cause. Plaintiff also filed a motion for a scheduling order in an effort to move this case to trial. On September 23, 1997, the trial court entered an order disposing of the pending motion. The order itself is somewhat confusing. The Order states:

> This cause came before the Court on August 25, 1997, on Defendants' Motion for Protective Order, Defendants' Motion to Dismiss Complaint and for Order of Reference to Professional Arbitrator or, in The Alternative, For an Order of Reference Pursuant to Rule 31, and Plaintiffs' Motion for a Scheduling Order, and the Court having considered said Motions, Plaintiffs' Answer to Defendants' Motion to Dismiss, the Affidavits of the parties, arguments of counsel and the entire record in this cause, it is hereby ORDERED as follows:
>
> 1. T.C.A. § 29-5-102 is not unconstitutional and Plaintiff and third Party Defendants are not entitled to the benefit of the statute in this case.
>
> 2. All the claims between the parties in this case are hereby referred pursuant to the provisions of Rule 31 of the Rules of the Tennessee Supreme Court.
>
> 3. William S. Russell, retired Judge, is hereby appointed as the rule 31 dispute resolution neutral in this case and the entire case is referred to him for negotiated settlement between the parties.
>
> 4. Discovery pursuant to the Tennessee Rules of Civil Procedure is hereby stayed pending the referral of this matter to William S. Russell, retired Judge.
>
> 5. All other matters before the Court are expressly reserved pending said referral.

Although the court refers to T.C.A. § 29-5-102, in paragraph 1, it appears that the court meant to refer to § 29-5-302, but we cannot determine what the court meant by the remainder of the above-quoted paragraph. In any event, it appears that the trial court is denying the effort by defendants to compel arbitration, and that the justification therefor is the requirement in T.C.A. § 29-5-302 that there be an independent signing

3

or initialing of the part of the agreement providing for arbitration.

On December 9, 1997, the "arbitrator's judgment" was filed in the cause and recites:

> This cause came on to be heard under an agreement that the issues be submitted for binding arbitration before the undersigned professional arbitrator, retired Judge William S. Russell, at his chambers at 738 North Main Street, Shelbyville, Tennessee, on December 3, 1997.
>
> *          *          *

That order found that both parties breached the contract, and both parties sustained damages. After a set-off, the McNamaras were awarded $29,507.00 in damages, and plaintiff was ordered to release the lien on the property.

On December 9, 1997, plaintiff filed three motions: a motion to require the arbitrator to be specific as to his calculations for damages on behalf of the parties; a motion for the court to require the arbitrator to consider additional proof from the plaintiff; and a motion to modify the judgment of the arbitrator.

Also, on December 9, 1997, defendants filed a motion to confirm the arbitrator's award. After considering plaintiff's pending motions, the court, on July 13, 1998, entered an agreed order requiring the arbitrator to be more specific concerning his calculations regarding damages and to specify explicitly against which party judgment was entered. By letter filed in the cause July 27, 1998, the arbitrator noted that he had destroyed his notes on the matter but was convinced that his conclusions were correct and declined to make any further clarification of the order. On September 8, 1998, the court entered an order denying confirmation of the arbitration award, which we quote:

> This matter came before the Honorable Henry Denmark Bell on August 17, 1998 upon the Defendant's motion to confirm the judgment of the Arbitrator and the Court's own motion for review. Upon hearing argument of Counsel and the record as a whole, it appears to the Court that the parties orally agreed upon arbitration in this matter after the Court had referred this matter for mediation. All parties agree that there was no written agreement complying with T.C.A. 29-5-101 *et seq.* Further, the Plaintiff has indicated that the agreement to arbitrate was with the limitation that the Arbitrator would allow the Plaintiff to bring in expert witnesses, if necessary, and that the judgment was apparently issued without this limitation being fulfilled. The Court views this process as a failed mediation.

4

THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that the Court does not confirm the judgment of the mediator and this matter is to be placed back on the Court's docket.

The defendants have appealed and present only one issue for review: whether the trial court erred in declining to confirm the arbitrator's award.

The Uniform Arbitration Act was passed by the legislature in 1983 and is codified as T.C.A. Sec. 29-5-301--Sec. 29-5-320 (Supp.1999). T.C.A. Sec. 29-5-302 (Supp. 1999) provides:

> 29-5-302. Agreements to submit to arbitration--Jurisdiction.--(a) A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, **that for contracts relating to** farm property, structures or goods, or to property and **structures utilized as a residence of a party, the clause providing for arbitration shall be additionally signed or initialed by the parties.**
>
> (b) The making of an agreement described in this section providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this part and to enter judgment on an award thereunder.

(emphasis added.)

T.C.A. Sec. 29-5-104 (Supp 1999) requires a written agreement as to the conditions of arbitration. It is undisputed that the clause providing for arbitration in the contract between the parties was not additionally signed or initialed by the parties; therefore, there is no binding agreement to arbitrate in the contract. The defendants contend, however, that the parties orally agreed to binding arbitration and participated in the arbitration and, therefore, should be bound by the agreement. Plaintiff does not dispute that he agreed to binding arbitration, but, with the *proviso* that he would be able to submit proof from experts if that become part of the issues. It is significant that after making this assertion the defendants filed an affidavit setting out that there was an agreement for binding arbitration made before the arbitrator. Noteworthy in the affidavit is the absence of a denial of plaintiff's assertion that the agreement was conditioned upon plaintiff's being able to put on additional proof in the arbitration proceeding. We have no transcript nor statement of the evidence concerning the proceeding before the

5

arbitrator or the proceedings before the court. However, the trial court's order denying confirmation of the award indicates the lack of a specific understanding as to the stipulation of the parties. Needless to say, this case presents a rather bizarre procedural history, and based upon the record before us, we find that the trial court did not err in denying the confirmation of the arbitrator's "award."

Accordingly, the order of the trial court is affirmed. This case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the defendants-appellants, John McNamara and Mary McNamara.

_____
**W. FRANK CRAWFORD, P.J., W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**